## IN THE UNITED STATES DISTRICT COURT
### for the EASTERN DISTRICT OF PENNSYLVANIA

**GELT BUSINESS CREDIT, LLC**, in its own
right, and as servicer for **EQUITY PARTNERS**       :          CIVIL ACTION
**FUND XXXVIII, LLC and for GREG MARSH**

                                        NO.  06-cv-807

           Plaintiff

                                         :

       v.

**IMAR HUTCHINS**                                             :
   and
**ANTHONY FRAZER**

                                         :

           Defendants

### DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
### TO PLAINTIFF'S COMPLAINT

1.     Admitted.

2.     Denied.  First, the referenced Servicing Agreement provides that the servicing of

the referenced Loan will be for a single entity, and that single entity is neither of the entities

pleaded.  Additionally, the Notes, Guarantees, and Collateral Assignment also evidence the

aforesaid single entity discrepancy.  Second, the referenced Servicing Agreement is predicated

(in Preliminary Statement No.5} on a pair of Notes, but that pair of Notes does not constitute

the stated predicate Notes of this action.  Third, the Servicing Agreement is predicated (in

Preliminary Statement No. 7) on a certain loan, but that loan is not the stated predicate loan of

this action.

3.     Denied.   First, the referenced Collateral Assignment does not assign the

Guarantys that constitute a stated predicate of this action.  Second, the Assignment is predicated

on a pair of Notes, but that pair of Notes does not constitute one of the stated predicates of this action.

    4.      Admitted.

    5.      Admitted.

    6.      Admitted.

    7      Denied.  Plaintiff's Exhibit A is a Note dated 9/17/04 with a principal amount of $711,500, not the $768,420.00 pleaded.   The face value of said Note is not clear from the Note itself.

    8.      Denied  as stated. Exhibit A of Plaintiff's Complaint is a document dated 9/17/04 in the principal amount of $711,500.  By way of further answer, whether said document is a Note is at issue.

    9.      Denied as stated.  The Replacement Note reflects differences in terms, including principal amount, from the alleged original Note.  There are inconsistencies between the original Note and the Replacement Note.   By way of further answer, the Note contains a "co-borrower's initial", while the Replacement Note does not.

    10.      Admitted that the referenced document is attached as Exhibit B to Plaintiff's Complaint.  By way of further answer, by its terms, the Replacement Note renders the original Note inoperative;  therefore, all claims herein regarding proceeding on the original Note are without any basis.

    11.      Denied.  The Lender, as defined herein, is not identified in the Guarantys.  See Answer No. 2, first averment.  Further, the Guarantys reference a Note that is neither of the Notes described herein. By way of further answer, the Defendants cannot be liable under the original

Note.  See Answer No. 10.

12.    Admitted that the referenced documents are attached as Exhibit C.

13.    Denied as stated.  Exhibits A and B of Plaintiff's Complaint are inconsistent.  The "terms of the Notes" referred  to are ambiguous.   By way of further answer, according to the Replacement Note, the original Note is no longer in effect.

14.    Denied.  The Notes do not name the Defendants as obligors required to make payments under the terms of the Notes.  Further, two Notes are not in effect.  By way of further answer the averment is a conclusion of law.

15.    Denied.  See Answer No. 2.  The Servicing Agreement which is attached as Exhibit D to Plaintiff's Complaint (specifically, Preliminary Statement No. 5) identifies two Notes which are not those upon which the instant action is, and must be, predicated (and the Plaintiff therefore does not have authority to bring this action.)

16.    It is admitted that a document referenced as a Servicing Agreement is attached.

17.    Denied. See Answer No. 2 and First and Second Affirmative Defenses.  By way of further answer, the Lender identified herein is not one of the entities for which the Servicing Agreement authorizes suit.  By way of further answer, the Servicing Agreement does not authorize actions in the name of the Lender (however defined).

18.    Denied.  The Lender, as defined in the Complaint, did not make the assignment.  Further the pair of Notes identified in the Assignment are not the Notes that are the stated predicate of this action.  By way of further answer, See No. 19.

19.    Admitted only that a document is attached.  See Answer No. 18.  By way of further answer, the document does not assign the Guarantys.

20.    The averment of default is denied as a conclusion of law.  It is admitted that the Lender was sent a Notice dated 1/25/06.

21.    It is admitted that correspondence reflecting an alleged default is attached to Plaintiff's Complaint as Exhibit F.    That Default Notice was forwarded to Greg Marsh and Equity Partners and not to the Defendants.

22.    It is admitted only that only more than five days have passed since the date noted on the alleged Default Notice.   The remaining averments state conclusions of law.

23.    Denied.  The Collateral Assignment is predicated on Notes other than those upon which the instant action is predicated.  The Defendant has not pleaded a pertinent event of default.

24.    The Defendants are without sufficient knowledge or information to form a belief as to the truth of the averment as to further assignments.  See Answer No. 2, third averment.

25.  The Plaintiff has not identified the Event of Default.

26.    It is admitted only that the letter dated January 25, 2006 was mailed to Defendants by Plaintiff.

27.    Admitted.

28.    Admitted that more than 10 days have passed.  The averment as to continuing default is denied as a conclusion of law and because the validity of the Note on Notes is in question. There cannot be a default if the underlying document is not valid.

29.    Admitted that the Defendants are not mortgagors.  The remaining averments are conclusions of law.

30.    Denied.   The averment is contrary to Paragraph 7 of the Complaint which avers a loan amount of $768,420 and hence supports the Defendants' position that the Note is not for a

sum certain and is thus invalid.  By way of further answer, the averment of indebtedness is a

conclusion of law.

31.    Admitted that the Defendants have not paid the referenced sums pleaded.

32-33.  Admitted that the Defendants are not mortgagors.  The remaining averments are

conclusions of law.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Servicing Agreement under which the Plaintiff claims authority to bring this action

identifies (in Preliminary Statement No. 5) as the predicate for that authority, two Notes.

However, those Notes are not the Notes on which the Complaint is predicated.

### Second Affirmative Defense

Neither of the two entities that the caption identifies as entities for which Gelt Business

Credit, LLC is servicer for, and for which it is bringing the action, are identified in the Servicing

Agreement.

### Third Affirmative Defense

The claim made herein is the identical subject matter of an earlier filed action by the

instant styled Plaintiff against The Lippincott Properties, Inc. at Philadelphia County Court of

Common Pleas, No. 060200350.

### Fourth Affirmative Defense

In still another action, *Gelt Business Credit, LLC v.Defendant  Equity Partners Fund*

*XXXVIII, LLC and Terre-Tenant  The Lippincott Properties, Inc.,* Philadelphia Court of

Common Pleas, No. 060302664, the Plaintiff therein has already obtained a judgment with

respect to the underlying real property in the instant action.

### Fifth Affirmative Defense

As denominated, the Plaintiff lacks standing and capacity to sue the named Defendants.

### Sixth Affirmative Defense

As denominated, the Plaintiff is not the real party in interest.

### Seventh Affirmative Defense

The original Note is no longer in effect.

### Eighth Affirmative Defense

The Guarantys have not been assigned to Gelt Business Credit, LLC.

### Ninth Affirmative Defense

Plaintiff's claim fails for lack of consideration.  The original Note was flawed, and the Replacement Note attached reflects no consideration.

### Tenth Affirmative Defense

Plaintiff's claim is barred because of express or implied Contract between the Defendants and the Lippincott Properties, Inc., on the one hand, and the Plaintiff on the other.

### Eleventh Affirmative Defense

Plaintiff's claim is barred because of the doctrine of accord and satisfaction.

### Twelfth Affirmative Defense

Plaintiff's claim is barred because of the doctrine of collateral estoppel.

### Thirteenth Affirmative Defense

The Plaintiff has not pleaded a specific Event of Default as to the Defendants.

### Fourteenth Affirmative Defense

Plaintiff's claim is barred by its breach of contract and/or anticipatory breach of contract.

DftAns2PltComp&AffDft

### Fifteenth Affirmative Defense

Plaintiff's claim is barred by reason of misrepresentations.

### Sixteenth Affirmative Defense

Plaintiff is barred from recovering because of the doctrines of equitable estoppel,

promissory estoppel and/or waiver.

### Seventeenth Affirmative Defense

Plaintiff is barred by the applicable statute of limitations.

### Eighteenth Affirmative Defense

Plaintiff has failed to state a cause of action.

WHEREFORE, the Defendants request judgment in their favor and against Plaintiff.

                                      s/
                                      Christopher D. Mannix, Esquire
                                      **CDM179**
                                      Attorney for Defendants

                                      Paparone & Associates, P.C.
                                      Sterner's Mill Office Center
                                      331 East Street Road
Dated:  June 12, 2006                    Trevose, PA 19053
                                      Telephone: (215) 638-3100
                                      Facsimile: (215) 355-8377

# IN THE UNITED STATES DISTRICT COURT
## for the EASTERN DISTRICT OF PENNSYLVANIA

**GELT BUSINESS CREDIT, LLC**, in its own
right, and as servicer for **EQUITY PARTNERS**    :    CIVIL ACTION
**FUND XXXVIII, LLC and for GREG MARSH**

NO.  06-cv-807

          Plaintiff

                                 :

        v.

**IMAR HUTCHINS**    :
   and
**ANTHONY FRAZER**

                                 :

          Defendants

## CERTIFICATE OF SERVICE

I, Christopher D. Mannix, Esquire, hereby certify that I served true and correct copy of

Defendant's Answer and Affirmative Defenses To Plaintiff's Complaint by telefax and first

class mail, postage prepaid to the following:

    **William J. Levant, Esquire**
    KAPLIN STEWART MELOFF
    REITER & STEIN, PC
    350 Sentry Parkway-Building 640
    Blue Bell, PA 19422-0765

                PAPARONE &  ASSOCIATES, P.C.

                By :  _s/_____

June 12, 2006                Christopher D. Mannix, Esquire
                          Attorney for Defendants

DftAns2PltComp&AffDft